IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN M. VIOLETTA,

        Plaintiff,

v.                                  Case No. 6:16-cv-01193-JTM

STEVEN BROTHERS SPORTS
MANAGEMENT, LLC;
BRANDON STEVEN; and
RODNEY STEVEN,

        Defendants.

## MEMORANDUM AND ORDER

In August 2015, Steven Brothers Sports Management, LLC ("SBSM"), and Steven Violetta entered into an employment contract pursuant to which Violetta agreed to be the chief executive officer of three hockey franchises. About seven months later, defendants terminated Violetta's employment. Violetta filed this action claiming defendants breached the contract and violated the Kansas Wage Payment Act, COBRA and ERISA.[1] Defendants deny the claims and assert counterclaims for breach of contract and unjust enrichment.

Plaintiff alleges that Texas law governs his breach of contract claim and that he is entitled to attorney's fees under Texas law if he prevails on the claim. Dkt. 1 at 9. The matter is now before the court on a motion by SBSM to dismiss plaintiff's claim for attorney fees.

---

[1] The Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 U.S.C. § 1161 et seq., and the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.

The court first rejects plaintiff's argument that the motion is premature. The motion is apparently based on Rule 12(b)(6).[2] Although such a motion must ordinarily be filed before a responsive pleading is filed (which defendants did not do), it may be asserted under Rule 12(c) after the pleadings are closed. *See* Fed. R. Civ. P. 12(h)(2)(B). The pleadings are closed once those pleadings contemplated by Rule 7 have been filed, as they have here. *See Maniaci v. Georgetown Univ.*, 510 F.Supp.2d 50, 60 (D.D.C. 2007). Accordingly, the court treats the motion as one for judgment on the pleadings under Rule 12(c). *See Razzaq v. Corrections Corp. of America*, 2012 WL 966077, *1 (D. Kan. Mar. 21, 2012).

The court reviews Rule 12(c) motions under the same standard as Rule 12(b)(6) motions. *Id.* Under that standard, the court examines the complaint to see if it contains enough allegations "to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In doing so, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor.

The parties' employment contract provides that it "shall be governed by and construed in accordance with the laws of the State of Texas without reference to its principles of conflicts of law." Dkt. 10 at 4. Both parties agree that, pursuant to this provision, the substantive law of Texas governs the breach of contract claim. *See Radiologix, Inc. v. Radiology and Nuclear Med., LLC*, 2017 WL 880420, *4 (D. Kan. Mar. 6, 2017) (*citing Brenner v. Oppenheimer & Co., Inc.*, 273 Kan. 525, 540, 44 P.3d 364, 375 (2002)

---

[2] The motion does not specify which subsection of Rule 12 it is brought under, but it essentially argues that the allegations fail to state a claim upon which attorney fees can be awarded. Dkt. 30.

(Kansas courts generally apply the law chosen by the parties to control their agreement provided the result is not contrary to public policy)). Texas law provides in part that "a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for … an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West). SBSM's motion for judgment argues that this provision does not apply because it is procedural rather than substantive, and further argues that it does not allow recovery of an attorney's fee from an LLC. Plaintiff challenges both points.

The court agrees with plaintiff that § 38.001(8) is part of the substantive Texas law that governs plaintiff's claim. Although the *Restatement (Second) of Conflict of Laws*[3] has more or less abandoned the "procedural" versus "substantive" terminology, the factors it provides indicate that Texas rather than Kansas law should control the question of attorney fees. Under the *Restatement* view, a court in this situation typically applies its own local rules "prescribing how litigation shall be conducted," but otherwise applies the local law of the designated state to resolve other issues in the case. As noted in *Atchison Casting Corp. v. Dofasco, Inc.*, 1995 WL 655183, *7-9 (D. Kan. Oct. 24, 1995), relevant factors to consider include whether the parties likely gave thought to the issue in entering the transaction; whether the issue will affect the ultimate result in the case; whether precedents have classified the issue as procedural or substantive for choice-of-law purposes; and whether applying the rules of another state would impose

---

[3] The Kansas Supreme Court has cited both the First and Second Restatements on Conflict of Laws. The court cites the Second Restatement here, although the result would be the same under the First Restatement. *See Restatement (First) of Conflict of Laws* § 584.

an undue burden. *Id.* (*citing Restatement (Second) of Conflict of Laws* § 122, comment a). These factors tend to favor application of Texas law. Among other things, the court finds that a loser-pays rule in a contract action is more properly considered remedial than procedural in nature; that application of § 38.001 is consistent with the parties' stated expectation of having Texas law govern the contract; that the weight of authority in both Kansas and Texas considers a provision of this type to be substantive for choice-of-law purposes; and that application of § 38.001 poses no undue burden. *Cf. Boyd Rosen & Assoc., Inc. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1127 (10th Cir. 1999) (loser-pays attorney fees, as opposed to an assessment for bad-faith litigation, may be viewed as substantive for choice-of-law purposes; where the parties' contract said Kansas law would govern, "their expectation would have been that Kansas law would govern the recovery of attorney's fees"); *Atchison Casting Corp. v. Dofasco, Inc.*, 1995 WL 655183, *7-9 (D. Kan. Oct. 24, 1995) (under Kansas conflict rules, right to attorney fees in contract dispute was substantive and was controlled by parties' choice-of-law provision); *Restatement (Second) of Conflict of Laws* § 187(1) ("The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue"); *Playboy Enterp., Inc. v. Sanchez-Campuzano*, 561 F.App'x 306, 309 (5th Cir. 2013) ("It is undisputed that § 38.001 is substantive"); *Liberty Mut. Ins. Co. v. Senior Care, Inc.*, 2013 WL 12091103, *4 (W.D. Tex. Nov. 6, 2013) (Texas substantive law provides for attorney's fee on breach of contract claim).

But the court cannot agree with plaintiff that § 38.001(8) permits an award of attorney's fees against a limited liability company (LLC) such as SBSM. Where the Texas Supreme Court has not weighed in on an issue – and it has not in this instance - the court must predict how that court would rule. It does so by considering all available resources, including decisions by Texas and federal courts, any other relevant decisions, and the general weight and trend of authority. *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 852 (10th Cir. 2015). The statute at issue allows a person to recover an attorney's fee "from an individual or corporation." Texas state and federal courts "have narrowly construed this provision to limit recovery of attorney's fees to individuals and corporations but not other legal entities, such as limited liability companies or partnerships." *J.D. Fields & Co., Inc. v. North Am. Fabricators, LLC*, 2016 WL 7912455, *14 (S.D. Tex. Nov. 7, 2016). The only courts to have squarely considered whether the provision allows an award of attorney's fees against an LLC or similar entity have concluded that it does not. *See Alta Mesa Holding, L.P. v. Ives*, 488 S.W.3d 438, 452-53 (Tex. App. – Houston 2016, pet. denied) (entities against whom attorney's fees can be recovered under this section do not include other legal entities such as LLCs). *See also Varel Int'l Indus., L.P. v. PetroDrillbits Int'l, Inc.*, 2016 WL 4535779, *7 (Tex. App. – Dallas Aug. 30, 2016) ("Under the plain language of section 38.001, a trial court cannot order limited liability partnerships (L.L.P.), limited liability companies (L.L.C.), or limited partnerships (L.P.) to pay attorneys' fees"); *Choice! Power, L.P. v. Feeley*, 501 S.W.3d 199, 214 (Tex. App. – Houston Aug. 4, 2016) (§ 38.001 does not permit recovery against a limited partnership); *Hoffman v. L&M Arts*, 2015 WL 1000838, *7 (N.D. Tex. Mar. 6,

5

2015), *aff'd* 838 F.3d 568 (5th Cir. 2016) ("The court concludes that the plain meaning of the term 'individual' does not include business entities such as LLCs, and, accordingly, makes an *Erie* prediction that the Supreme Court of Texas would not interpret the term 'individual' in § 38.001 to include an LLC.").

Plaintiff cites a number of cases (Dkt. 42 at 12-13) where Texas courts have in fact awarded attorney fees under § 38.001 to various entities, including LLCs. But in none of those cases did a party object that the "individual or corporation" language precluded an award of fees to an LLC. *See Chaparral Energy*, 2015 WL 12942050, at *5 ("Defendants in the present case argue that Texas courts have often granted attorney's fees to LLCs and cite several cases in the briefing to this effect. [cite omitted]. However, not in a single case that Defendants cited was this issue actually addressed by the Court."). As indicated above, the courts that have addressed the issue have found that the statute does not permit an award of attorney fees to an LLC. Given the significant weight of authority indicated above – and the plain language of the statute - the court must predict that the Texas Supreme Court would conclude that an LLC is not an "individual or corporation" within the meaning of § 38.001.[4]

Aside from urging a contrary prediction, plaintiff argues that denying recovery of attorney fees from an LLC while permitting recovery from an individual or corporation would violate the Equal Protection Clause of the Fourteenth Amendment

---

[4] The court notes that the Texas House of Representatives has apparently passed a bill that would change the term "corporation" in § 38.001 to "organization," with the latter term having the broad meaning ascribed to it in the Texas Business Organization Code. *See* 2017 Texas House Bill No. 744, Texas Eighty-Fifth Legislature. Under the current version of the bill, such a change would only apply to an action commenced on or after the act takes effect.

because there is no rational basis for such a distinction. Dkt. 42 at 17. Plaintiff cites no authority for that argument and the court finds it unpersuasive. Under rational basis review, a classification is upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe by Doe*, 509 U.S. 312, 319-20 (1993). It is conceivable that the Texas legislature exempted entities such as LLCs from attorney fee liability because it believed doing so would foster small business growth or was otherwise economically beneficial. Plaintiff has shown no plausible basis for finding the statute unconstitutional.

Plaintiff also argues that granting the motion would be improper "as discovery would be necessary to determine how SBSM has represented itself," because SBSM may have held itself out to be a corporation. Dkt. 42 at 18. Regardless of what discovery might be appropriate, however, plaintiff fails to point to any allegation in the complaint that could plausibly subject SBSM to liability for attorney fees under § 38.001. Accordingly, SBSM is entitled to dismissal of the claim against it for attorney fees under § 38.001.

**IT IS THEREFORE ORDERED** this 31st day of March, 2017, that the motion for partial dismissal by defendant Steven Brothers Sports Management, LLC (Dkt. 30) is GRANTED. Plaintiff's claim for attorney fees against SBSM is dismissed.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE