IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN M VIOLETTA,
    Plaintiff,

vs.                                                      No. 16-1193-JTM

STEVEN BROS. SPORTS MGMT, LLC.,
    *et al.*,
        Defendants.

MEMORANDUM AND ORDER

Several motions are before the court. The court previously entered an Order (Dkt. 153) which addressed most of the issues in the case following the parties' summary judgment motions. In the first motion, plaintiff Steven Violetta has moved for clarification, or in the alternate for reconsideration, as to the apportionment of responsibility among the defendants. The defendants have filed no response to the motion.

The court grants the Motion to Clarify (Dkt. 155) for good cause shown and pursuant to D.Kan.R 7.4, and agrees and specifies that while any award of COBRA or ERISA penalties would be limited to SBSM-A, the plaintiff may recover non-penalty actual damages and attorneys' fees against defendants SBBA, SBSM-A, and Genesis, jointly and severally, with respect to his claims under COBRA and ERISA.

Defendants have submitted two motions in limine, which ask that the court bar evidence of their general financial position (Dkt. 156) as well as impermissible character evidence (Dkt. 157). The Plaintiff has responded that he has no intention of introducing evidence on these issues, stating that pursuant to the court's prior Order the case is now restricted to (1) the failure to pay his unused vacation benefits, (2) whether the failure to pay various expenses and bonuses was willful, and (3) whether the individual defendants knowingly permitted SBSM to fail to make such payments.

Consistent with this understanding of the limited extent of the remaining issues, plaintiff submitted a separate motion in limine, seeking to exclude as irrelevant any contention that his job performance was deficient. (Dkt. 159). As with the Motion to Clarify, defendants have not responded to Violetta's motion in limine.

The court finds that for good cause shown and without objection the motions in limine should be granted.

IT IS ACCORDINGLY ORDERED this day of October, that the plaintiff's Motion to Clarify (Dkt. 154) is granted (the accompanying and alternative Motion to Reconsider is denied as moot), plaintiff's Motion in Limine (Dkt. 159) is granted; defendants' Motions in Limine (Dkt. 156, 57) are granted.

s/ J. Thomas Marten  
J. Thomas Marten, Judge